**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROBERT E. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-07-952-D |
| | ) | |
| DENNIS BANTHER and JASON PRIEST, | ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

Plaintiff, a state prisoner appearing *pro se,* brought this civil rights action pursuant to 42

U.S.C. §1983, asserting constitutional rights violations in connection with his arrest and his

confinement as a pretrial detainee.   In accordance with 28 U.S.C. §636(b)(1)(B), the matter was

referred to United States Magistrate Judge Bana Roberts  for initial proceedings.  Following the

filing of an amended complaint, the Magistrate Judge ordered the filing of a Special Report pursuant

to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and the Special Report [Doc. No.16] was timely

filed.   Each defendant filed a  motion  for summary judgment, and  Plaintiff did not respond to the

motions.[1]

The Magistrate Judge filed a Report and Recommendation [Doc. No. 41] in which she

recommended that the motion of  Jason Priest be granted and that the motion of  Dennis Banther be

granted in part and denied in part.  With respect to defendant Banther, she also recommended that

---

[1]*In the Report and Recommendation, Judge Roberts explained that, after Plaintiff failed to respond to the
two motions, she* sua sponte *granted several extensions of the deadline for responding.  She also noted that, after the
motions were filed, Plaintiff notified the Court that he had been released on bail. Because he had been granted* in
forma pauperis
*status, he was directed to submit an updated application or pay the filing fee; he paid the fee, but failed to respond
to the motions for summary judgment, despite the Magistrate Judge's warnings that his failure to do so would result
in the facts stated in the motions being deemed admitted.* See *March 19, 2008Order [Doc. No. 36]. Despite the
Magistrate Judge's efforts, Plaintiff never responded to the summary judgment motions.*

the Court direct his counsel to show cause why an incorrect statement of law contained in his brief

should not be considered a violation of Rule 11(b)(2) of the Federal Rules of Civil Procedure.

In the Report and Recommendation, the Magistrate Judge advised the parties of their right

to object to the same, and scheduled an August 20, 2008 deadline for filing objections.  She also

cautioned the parties that a failure to timely object would constitute a waiver of the right to appellate

review of the Report and Recommendation.

The deadline for filing objections expired some time ago, and Plaintiff has not objected.  No

objection was filed by defendant Priest.  However, defendant Banther timely objected to that portion

of the Report and Recommendation which denied summary judgment as to one of Plaintiff's claims

against him; he also objected to the Magistrate Judge's recommendation regarding Fed. R. Civ. P.

11(b)(2).  Accordingly, those matters are reviewed *de novo.*

I. Background:

As discussed in detail in the Report and Recommendation, Plaintiff asserts four counts or

claims for relief; the first three are directed at defendant Banther, who was Sheriff of Kingfisher

County, Oklahoma at the relevant time.  Plaintiff alleges that Banther violated his constitutional

rights in numerous ways during Plaintiff's confinement at the Kingfisher County jail following his

arrest on August 15, 2007.  Plaintiff's allegations concerning defendant Priest, who was a Garfield

County deputy sheriff at the relevant time, are contained in the fourth count.

The undisputed material facts regarding Plaintiff's allegations are discussed in detail in the

Report and Recommendation and are adopted as though fully set forth herein.  As the Magistrate

Judge correctly found, Plaintiff's failure to dispute the statements of fact set forth in the two

summary judgment motions results in those facts being deemed admitted.  *See* LCvR 56.1(c).

However, the Magistrate Judge also examined and discussed the evidence in the record to determine

if the undisputed material facts, applied to the governing law, entitled either defendant to judgment

as a matter of law.[2]  *See Reed v. Bennett*, 312 F. 3d 1190, 1195 (10th Cir. 2002) (a party's failure to

respond to a summary judgment motion "is not, by itself, a sufficient basis on which to enter

judgment against the party," as the court must determine if the moving party is entitled to judgment

as a matter of law).

The Court will not repeat the factual discussion contained in the Report and

Recommendation; that discussion accurately reflects the evidence in the record and is adopted as

though set forth herein.  However, the following brief summary is necessary.

After Plaintiff's August 15, 2007 arrest in Garfield County, he was transported to the

Kingfisher County jail because the arrest was based on events occurring in Kingfisher County in

July of 2007, when  Plaintiff and two other individuals  were arrested in Kingfisher County in

connection with an undercover narcotics investigation.  In July 2007, a Kingfisher County deputy

sheriff, acting under cover,  was contacted by an individual offering to sell cocaine, and

arrangements were made for a meeting to conduct the transaction.  On July 17, 2007, the undercover

deputy met the individual at the agreed location; the individual offering to sell cocaine arrived with

another person in a vehicle driven by Plaintiff.  The transaction was completed, and Plaintiff and the

other individuals were arrested.   After one of the arrestees  agreed to serve as a confidential

informant,  Plaintiff and the others were released.  Because the individual failed to comply with his

---

[2]*As she noted in the Report and Recommendation, the Magistrate Judge had denied Plaintiff's motions to submit evidence [Doc. Nos. 26 and 27]; however, she examined his motions to ascertain whether the motions referenced evidence that could dispute the defendants' material fact statements. She concluded that the submissions were deficient.  She also  considered Plaintiff's Complaint and Amended Complaint, which she construed as sworn affidavits.  See Report and Recommendation at p. 3, n 1.*

agreement to act as an informant, the officers pursued arrests of the three individuals, including

Plaintiff.  An Affidavit of Probable Cause and Information charging Plaintiff with unlawful delivery

of a controlled substance in violation of Oklahoma law was filed in Kingfisher County, and  Plaintiff

was arrested and transported to the Kingfisher County jail on August 16, 2007.  On August 22, 2007,

he made an initial appearance and was released on bond.

In this action, Plaintiff alleges that Priest unlawfully arrested him without probable cause,

and also violated his rights when interviewing Plaintiff.  Plaintiff alleges that defendant Banther

violated his rights by preventing him from making bail arrangements and by subjecting him to

constitutionally deficient conditions at the Kingfisher County jail.

## II.  Summary Judgment Standard:

Summary judgment is proper where the undisputed material facts establish that the moving

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  Where the undisputed facts establish that a plaintiff cannot prove an essential

element of a cause of action, the defendant is entitled to judgment on that cause of action.  *Id.,* 322.

To avoid summary judgment, a plaintiff must present more than a "mere scintilla" of evidence; the

evidence must be such that "a reasonable jury could return a verdict for the non-moving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).    Unsupported arguments or

conclusory allegations in the complaint are insufficient to avoid summary judgment. *Celotex*, 477

U. S. at 324; *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1136 (10th Cir. 2003).

## III.  Application:

## A.  Defendant Priest:

With respect to defendant Priest, the Magistrate Judge correctly applied the standards

governing summary judgment motions and concluded that he is entitled to judgment as a matter of

law.  The Report and Recommendation contains a discussion of the undisputed facts in the record

applicable to Plaintiff's claims against  Priest.  *See* Report and Recommendation, pp. 15-19.  The

Court has reviewed that discussion, and finds it accurately reflects the evidence in the record;

accordingly, it is adopted.   The Magistrate Judge also accurately discussed and applied the

governing law to the undisputed facts.  *Id.* at 19-20.   Accordingly, the Court agrees with her

conclusion that defendant Priest is entitled to judgment as a matter of law.  Because no objection has

been filed with regard to the recommendation that defendant Priest's summary judgment motion be

granted, the Report and Recommendation [Doc. No. 41] is adopted as though fully set forth herein

in that regard.  Defendant Jason Priest's motion [Doc. No.  34] is GRANTED.

B.  Defendant Banther:

Plaintiff's allegations against defendant Banther are based on the purported denial of his

opportunity to seek bail and his complaints about conditions at the Kingfisher County jail.  In

support of the latter claims,  he contends he was denied 1) "legal references" and the opportunity

to seek legal counsel; 2) proper  health care  based on the alleged denial of glucose test strips which

he, as a diabetic, needed; 3) the opportunity to purchase postage stamps and personal hygiene

materials; and 4) the opportunity to exercise.  Plaintiff also alleges that the jail lacked proper

ventilation and "reasonable toilets" as well as "reasonable" sleeping areas and adequate bedding,

and that the jail was unsafe.  Plaintiff failed to dispute Banther's contention that these claims are

asserted against Banther in his official capacity as Sheriff of Kingfisher County and as the official

in charge of the jail.

The Magistrate Judge concluded that the undisputed material facts in the record establish that

Banther is entitled to judgment as a matter of law on all claims except the contention that Plaintiff was denied the opportunity to make bail. That recommendation is based on the Magistrate Judge's conclusion that Banther's argument is not supported by the Oklahoma statute on which he relies; her recommendation regarding Rule 11 is also related to that argument. Banther's objection is limited to these issues, and the Court has reviewed the record *de novo* with respect to the same.

The undisputed facts in the record reflect that Plaintiff was booked into the jail on Thursday, August 16, 2007 at approximately 5:20 p.m. on the charge of unlawful delivery of a controlled dangerous substance in violation of Okla. Stat. tit. 63 § 2-401(B)(2). It is also undisputed that Plaintiff was not arraigned until the following Wednesday, and that he was released on bond on that date. Plaintiff contends that the delay in allowing him to make arrangements for release on bond is a violation of his due process rights.

The record reflects that it is undisputed that the Kingfisher County jail has a policy that any prisoner entitled to bail may call a licensed bondsman or post a cash bond. However, Banther argued in his summary judgment motion that, pursuant to Okla. Stat. tit. 22 § 1105, he could not release any prisoner who had been arrested for a violation of Okla. Stat. tit. 63 § 2-401 until the person had appeared before the court. It is undisputed that the Kingfisher County District Court schedules arraignments only on Wednesday. Because Plaintiff was arrested on a Thursday, he could not be arraigned until the following Wednesday. Banther argues that, because of this policy and the statutory prohibition against releasing a prisoner charged with a violation of Okla. Stat. tit. 63 § 2-401, he could not lawfully release Plaintiff until his bail was set by the court during his arraignment on the Wednesday following his arrest. Accordingly, Banther argues that, if there was

a violation of Plaintiff's rights, it was not the result of any Kingfisher County policy or practice.

In the Report and Recommendation, the Magistrate Judge concluded that Banther's statement regarding the Oklahoma law is incorrect.  As she points out at page 11 of the Report and Recommendation, the statute which he claims prohibited him from releasing Plaintiff prior to his arraignment, Okla. Stat. tit. 22 § 1105, does not apply.   Section 1105 discusses the procedures for release on bond or otherwise, and contains the following restriction:

> No police officer or sheriff may release a person arrested for a violation of subsection G of Section 2-401 of Title 63 of the Oklahoma Statutes, without the violator appearing before a magistrate, judge, or court...

Okla. Stat. tit. 22 § 1105(C).  As the Magistrate Judge pointed out, Plaintiff was not charged with a violation of subsection G of Okla. Stat. tit. 63 § 2-401; that subsection is limited to the unlawful manufacture of a controlled dangerous substance.  Instead, Plaintiff was charged only with the unlawful delivery of a controlled dangerous substance in violation of  Okla. Stat. tit. 63 § 2-401(B)(2).   The § 1105 provisions regarding bond and other release procedures do not prohibit a sheriff from releasing a person charged with a violation of § 2-401(B)(2).   Therefore, as the Magistrate Judge concluded, Banther's argument is not supported by the only Oklahoma statute on which he relies.   Thus, she recommended that the Court deny his motion for summary judgment on this issue.

In addition, the Magistrate Judge noted that Banther's argument appears to violate Fed. R. Civ. P. 11(b)(2), and she  recommended that he be required to show cause why his misstatement of the law does not violate that rule.  Rule 11(b) provides that an attorney, by submitting a pleading or other written filing to a court, certifies that the presentation satisfies certain requirements.  The Rule provides in pertinent part:

> **Representations to the Court.**   By presenting to the court a pleading, written
> motion, or other paper–whether by signing, filing, submitting, or later advocating
> it–an attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable under the
> circumstances:
>> \*\*\*
>> (2) the claims, defenses, and other legal contentions are warranted by
>> existing      law or by a nonfrivolous argument for extending, modifying, or
>> reversing      existing law or for establishing new law...

Fed. R. Civ. P. 11(b)(2).  In this case, the Magistrate Judge's comment suggests that Banther's

counsel not only misstated the law, but that he should have known that the Oklahoma statute on

which he relied did not support his argument.

In his objection to this portion of the Report and Recommendation, counsel for Banther states

that the reliance on the statute was an inadvertent error and was not intended to mislead the Court.

Counsel states that, in preparing the summary judgment motion, he relied on the Special Report

[Doc. No. 16]; that report contains the erroneous reference to the statute at issue.  Special Report,

p. 3.  Counsel states that the Special Report was prepared by another attorney, who is no longer

affiliated with his law firm.  Although he admits that he should have further reviewed the statute to

insure the accuracy of the reference in the Special Report, he states that his failure to do so was

inadvertent.

Counsel further argues that, in any event, there is another basis for granting Banther's

summary judgment motion on the issue of bail.  He contends that Banther was prohibited from

considering bail for Plaintiff at the time of Plaintiff's arrest because the bond procedures adopted

by the Kingfisher County District Court did not allow him to release Plaintiff.  Specifically, he relies

on the Bond Rate Schedule published by the District Court of Kingfisher County, which lists the

specific crimes for which a sheriff or deputy sheriff may prepare and execute orders of release prior

to the prisoner's appearance in court and the amount of the appropriate bond for specific crimes charged.   A copy of the Bond Rate Schedule is submitted as Exhibit 1 to the Objection.  Banther notes that the crime with which Plaintiff was charged, unlawful delivery of a controlled dangerous substance, is not one of the crimes listed.   However,  Banther suggests that it is similar to "Possession of dangerous drug w/intent to distribute-not meth," and the Bond Rate Schedule states that bond for that crime must be "set by court."  Objection Exhibit 1, p. 2.    Therefore, Banther argues,  he was not authorized to set bond for Plaintiff, and only the court could do so.

The argument asserted by Banther was not presented in his summary judgment motion, and the Bond Rate Schedule was not included as an exhibit.   Banther offers no explanation for his failure to assert this argument in his summary judgment motion.  Furthermore, he does not present any evidence  regarding the  procedure followed by the District Court  where, as here,  a prisoner is charged with a crime that is not listed  on the Bond Rate Schedule.   There is insufficient evidence before the Court to support a conclusion that, as a matter of law, Banther was prohibited from setting a bond for Plaintiff at the time of his arrest.

IV.  Conclusion:

For the foregoing reasons, the Court adopts the portions of the Report and Recommendation [Doc. No. 41] recommending that the Court grant the summary judgment motion of defendant Priest on all claims asserted by Plaintiff and the summary judgment motion of defendant Banther on all claims except Plaintiff's claim of a due process violation based on denial of bail.  Summary judgment is denied as to that claim.  The Court declines to adopt the recommendation that defendant Banther's counsel be required to show cause why a Rule 11(b)(2) violation was not committed; the Court finds that counsel's objection to the Report and Recommendation is sufficient to show cause.

Although the Court does not condone counsel's misstatement of the law, it concludes that the same was not intended to mislead the Court.  Counsel is cautioned, however, that future such occurrences will not be excused.

Inasmuch as this Order disposes of all claims except Plaintiff's claim based on alleged denial of his right to seek bail, this matter will proceed only on that claim.

IT IS SO ORDERED this 17th day of March, 2009.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE